## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **AMBERLA SUMMERS**, *on behalf of herself and all others similarly situated,* )<br>)<br>)<br>) | |
| ) | Case No. 2:23-cv-759 |
| Named Plaintiff, )<br>v. ) | |
| ) | Judge |
| **NORTHPOINT SENIOR SERVICES, LLC D/B/A PRESTIGE HEALTHCARE,** )<br>) | Magistrate Judge |
| c/o Statutory Agent )<br>7400 New Lagrange Road, Suite 100 )<br>Louisville, Kentucky, 40222, )<br>) | **JURY DEMAND**<br>**ENDORSED HEREON** |
| *and* )<br>) | |
| **NOBLE HEALTHCARE MANAGEMENT, LLC,** )<br>c/o Statutory Agent )<br>Corporation Service Company )<br>3366 Riverside Drive, Suite 103 )<br>Upper Arlington, Ohio 43221, )<br>) | |
| Defendants. ) | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT

Now comes Named Plaintiff Amerla Summers ("Summers" or "Named Plaintiff"), by and through undersigned counsel, *individually and on behalf of all others similarly situated*, for her Collective and Class Action Complaint against Defendants Northpoint Senior Services, LLC d/b/a Prestige Healthcare ("Northpoint") and Noble Healthcare Management Services, LLC ("Noble") (collectively hereinafter "Defendants"), for Defendants' willful failure to pay Named Plaintiff and other similarly situated employees overtime wages as well as failure to comply with all other requirements of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03 ("the Ohio Wage Act"), and the Ohio

Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"), and states and alleges as follows:

1.     Defendants operate at least seventeen (17) nursing rehabilitation and long-term care facilities[1] throughout the State of Ohio.

2.     At these facilities, Defendants employ hundreds of hourly, non-exempt direct care employees.

3.     Defendants apply the same policies, procedures, and practices with respect to the payment of overtime wages to its hourly, non-exempt direct care employees, as alleged in this Complaint, at all of its facilities.

4.     As more fully alleged below, Defendants repeatedly and willfully violated the FLSA and the Ohio Acts by failing to pay its hourly workers, including Named Plaintiff and other members of the FLSA Collective and Ohio Class (as further defined below), for all compensable hours each day worked, including, upon information and belief, by deducting time and/or not compensating at all for a "meal period" in the amount of at least thirty (30) minutes each day even though the "meal period" was regularly missed, shortened, and/or interrupted by job duties at Defendants' direction and for Defendants' benefit.

5.     Named Plaintiff brings this action on behalf of herself and similarly situated current and former hourly direct care employees who elect to opt in pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy violations of the FLSA wage and hour provisions by Defendants (the "FLSA Collective").

---

[1] Defendants hold themselves out as operating as "Arbors of Ohio" with each facility labeled at its specific locality. *See* https://arborsofohio.com/locations/ (last accessed February 23, 2023).

6.　　Named Plaintiff also brings this action on behalf of herself and similarly situated current and former hourly direct care employees pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the Ohio Acts claims (the "Ohio Class").

## I.　　JURISDICTION AND VENUE

7.　　The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

8.　　This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

9.　　Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in the Southern District of Ohio; and Defendants conducted substantial business throughout the State of Ohio, including in this judicial district as Named Plaintiff worked at Defendants' "Arbors at Delaware" facility located at 2270 Warrensburg Road, Delaware, Ohio, 43015, which is in this judicial district and division.

## II.　　FACTUAL ALLEGATIONS

### A.　　Named Plaintiff Summers

10.　　Named Plaintiff Summers is an individual, a United States citizen, and a resident of this judicial district.

11.　　Summers worked for Defendants as an hourly state tested nurse assistant ("STNA") from approximately February 16, 2022 until January 27, 2023 at one of Defendants' senior living facilities in Delaware, Ohio.

12.　　At all times relevant, Named Plaintiff primarily performed non-exempt job duties such as direct patient care of the facility's residents during each shift.

13.　　At all times relevant, Named Plaintiff was classified by Defendants as a non-exempt employee and was paid on an hourly basis.

14.　　At all times relevant, Named Plaintiff was an "employee" of Defendants as defined in the FLSA and the Ohio Acts.

15.　　Named Plaintiff's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

**B.　　Defendants**

**(i)　　Defendant Northpoint**

16.　　At all times relevant, Defendant Northpoint is a for-profit limited liability company formed under the laws of the State of Kentucky and it regularly conducts business in this judicial district and division.

17.　　According to records maintained by the Ohio Secretary of State, "Prestige Healthcare" registered all of the fictitious names associated with the "Arbors of Ohio." [2]

18.　　According to records maintained by the Kentucky Secretary of State, Defendant Northpoint assumed the business name of "Prestige Healthcare" on October 29, 2019 and operated the "Arbors of Ohio" facilities from at least that point forward.

19.　　Further stating, Northpoint's Statutory Agent for service of process is 7400 New Lagrange Road, Suite 100, Louisville, Kentucky, 40222. [3]

---

[2] Defendants hold themselves out as operating as "Arbors of Ohio" with each facility labeled at its specific locality. *See* https://arborsofohio.com/locations/ (last accessed February 23, 2023).

[3] https://web.sos.ky.gov/ftshow/(S(3qmxzf0fx5q5ufw11jayjayd))/default.aspx?path=ftsearch&id=0548024&ct=12&cs=99999&ce=dferQvxIzVg8RET3Jekb7HAOrByoz8JJYXpxxGDeZP7HkNVoksfj1t78lvvp55C0 (last accessed February 23, 2023).

20.     At all times relevant, Defendant Northpoint was an "employer" of Named Plaintiff and other members of the FLSA Collective and Ohio Class as that term is defined by the FLSA and the Ohio Acts, regardless of what facility(ies) they worked in, as described herein.

(ii)     **Defendant Noble**

21.     At all times relevant, Defendant Noble is a foreign for-profit limited liability company authorized to do business in Ohio, regularly conducts business in this judicial district and division. According to records maintained by the Ohio Secretary of State, Defendant Noble's Statutory Agent for service of process is Corporation Service Company, 3366 Riverside Drive, Suite 103, Upper Arlington, Ohio 43221.[4]

22.     Upon information and belief, Defendant Noble owns and/or jointly operates the "Arbors of Ohio" facilities along with Defendant Northpoint as more fully outlined below.

23.     At all times relevant, Defendant Noble was an "employer" of Named Plaintiff and other members of the FLSA Collective and Ohio Class as that term is defined by the FLSA and the Ohio Acts, regardless of what facility(ies) they worked in, as described herein.

(iii)     **Defendants' Statuses as a "Single Employer," "Single Enterprise," and Joint Employer of Named Plaintiff and Other Members of the FLSA Collective and Ohio Class**

24.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

25.     At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

26.     At all times relevant, Defendants have operated as a single enterprise within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform

---

[4] *See* https://bizimage.ohiosos.gov/api/image/pdf/202210801594 (last accessed Feb. 22, 2023).

related activities through unified operation and common control for a common business purpose; namely, the operation of "Arbors of Ohio" facilities across the State of Ohio.

27. Defendants were individually and jointly "employers" within the meaning of the FLSA and the Ohio Acts of Named Plaintiff and other members of the FLSA Collective and Ohio Class.

28. As Defendant Northpoint assumed the Prestige Healthcare business, it controlled and continues to control all of the facilities operating as "Arbors of Ohio," including the employment terms and conditions of the hourly, non-exempt employees, including Named Plaintiff and other members of the FLSA Collective and Ohio Class.

29. Prestige Healthcare registered Noble Healthcare Management Company, LLC and, since Defendant Northpoint assumed the Prestige Healthcare business, it uses it as the management company to jointly own and/or operate an organization of "Arbors of Ohio" facilities across Ohio.

30. According to Defendants' own "Arbors of Ohio" website, https://www.arborsofohio.com, it operates at least seventeen (17) "Arbors of Ohio" facilities throughout Ohio in the following Ohio localities: Carroll, Gallipolis, Marietta, Milford, Pomeroy, Woodsfield, Delaware, Springfield, West, Fairlawn, Mifflin, Minerva, Oregon, Stow, Streetsboro, and Sylvania.[5]

31. Defendants are engaged in related activities, i.e., all activities which are necessary to the operation and maintenance of Defendants' "Arbors of Ohio" facilities.

32. Defendants share employees between "Arbors of Ohio" locations.

33. Defendants share common management between "Arbors of Ohio" locations.

---

[5] *See* https://arborsofohio.com/locations/ (last accessed Feb. 22, 2023).

34. Defendants share common ownership and, upon information and belief, common ownership or related interests across "Arbors of Ohio" locations.

35. Defendants share operational control over significant aspects of the day-to-day functions of "Arbors of Ohio" locations, including supervising and controlling schedules and conditions of employment of Named Plaintiff and other members of the FLSA Collective and Ohio Class.

36. Defendants share common human resources and payroll services between "Arbors of Ohio" locations. Only by way of example, although Named Plaintiff's payroll records are labeled with "Arbors at Delaware" (the facility where she worked), one or more forms of compensation paid by Defendants to Named Plaintiff and, upon information and belief, other members of the FLSA Collective and Ohio Class, were also represented to be issued and/or controlled by Northpoint and Noble.

37. Defendants provide the same or a similar array of products and services to customers at the "Arbors of Ohio" locations.

38. Defendants' "Arbors of Ohio" locations, services and employment offerings are advertised on the same website https://arborsofohio.com/.

39. At all times relevant, Defendants have had joint direct or indirect control and authority over Named Plaintiff's and other members of the FLSA Collective's and Ohio Class's working conditions, including matters governing the essential terms and conditions of their employment.

40. At all times relevant, Defendants jointly exercised authority and control over Named Plaintiff and other members of the FLSA Collective and Ohio Class across all "Arbors of Ohio" facilities and locations.

41.     At all times relevant, Defendants had the authority to (and do) hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records across all "Arbors of Ohio" facilities and locations.

42.     Defendants share authority to hire, fire and discipline employees, including Named Plaintiff and other members of the FLSA Collective and Ohio Class.

43.     Defendants share authority to set rates and methods of compensation of employees, including Named Plaintiff and other members of the FLSA Collective and Ohio Class.

44.     Defendants share control and maintenance of employment records.

45.     Defendants have shared and mutually benefited from the work and services performed by Named Plaintiff and other members of the FLSA Collective and Ohio Class during the relevant time period.

46.     Defendants acted directly or indirectly in the interest of each other in relation to Named Plaintiff and other members of the FLSA Collective and Ohio Class across all "Arbors of Ohio" facilities and locations.

47.     Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Named Plaintiff and other members of the FLSA Collective and Ohio Class across all "Arbors of Ohio" facilities and locations.

48.     Defendants applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees across all "Arbors of Ohio" facilities and locations, including policies, practices and procedures relating to the payment of wages, overtime, miscalculating the regular rate for overtime compensation purposes, and timekeeping for hourly employees including Named Plaintiff and other members of the FLSA Collective and Ohio Class.

49. At all times relevant, Defendants suffered or permitted Named Plaintiff and other members of the FLSA Collective and Ohio Class to perform work uncompensated at the correct overtime rate Named Plaintiff and other members of the FLSA Collective and Ohio Class were entitled to be paid across all "Arbors of Ohio" facilities and locations. The improperly compensated overtime work that Named Plaintiff and other members of the FLSA Collective and Ohio Class performed was for Defendants' benefit across all "Arbors of Ohio" facilities and locations.

50. At all times relevant, Defendants maintained control, oversight, and direction over Named Plaintiff and other members of the FLSA Collective and Ohio Class across all "Arbors of Ohio" facilities and locations, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

51. At all times relevant, Defendants have benefitted from the work performed by Named Plaintiff and other members of the FLSA Collective and Ohio Class across all "Arbors of Ohio" facilities and locations.

52. During the three years preceding the filing of this Complaint, Defendants operated and controlled an enterprise and employed employees engaged in commerce or in the production of goods for commerce, "Arbors of Ohio" facilities and locations, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

53. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system which is an economic unit directed to the accomplishment of a common business purpose.

54.     Defendants' "Arbors of Ohio" facilities provide the same or similar array of healthcare and related services and products to customers by using a set formula when conducting business. Defendants operate each "Arbors of Ohio" location identically, or virtually identically, regardless of the "Arbors of Ohio" location.

55.     Part of that set formula is the deprivation of properly compensated overtime wages to their hourly non-exempt direct care employees, including Named Plaintiff and other members of the FLSA Collective and Ohio Class, as outlined in this Complaint.

56.     During the last three years, Defendants also have had an individual and combined annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

57.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio, but nevertheless willfully and knowingly failed to adhere to the requirements of the FLSA and Ohio Acts.

III.    **FACTUAL ALLEGATIONS**

58.     At all times relevant, Named Plaintiff and other members of the FLSA Collective and Ohio Class were hourly, non-exempt direct care employees entitled to overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40) each workweek. 29 U.S.C. § 207; O.R.C. § 4111.03.

59.     Named Plaintiff and other members of the FLSA Collective and Ohio Class worked overtime hours during one or more workweeks during their employments with Defendants.

60.     At all times relevant, (1) Named Plaintiff and similarly situated direct care employees regularly worked overtime without compensation, and (2) Defendants knew that

Named Plaintiff and similarly situated direct care employees worked overtime without proper compensation.

61.     Defendants required a meal break deduction of at least thirty (30) minutes per day from Named Plaintiff's and similarly situated direct care employees' compensable hours worked. However, Named Plaintiff and similarly situated direct care employees were often unable to take a bona fide meal break, took a shortened meal break, and/or otherwise was unable to take a fully uninterrupted meal break because of their substantive job duties.

62.     Defendants had actual or constructive knowledge that Named Plaintiff's and similarly situated direct care employees' meal breaks were either missed, shortened, and/or otherwise interrupted by job duties.

63.     Named Plaintiff and similarly situated direct care employees were not permitted to report

64.     In fact, despite complaining to management about the interrupted/missed meal breaks, Named Plaintiff and similarly situated direct care employees were discouraged from reporting instances of interrupted/missed meal breaks.

65.     In addition, Defendants directed and encouraged Named Plaintiff and similarly situated direct care employees to work through their meal breaks.

66.     As a result of Defendants' policy and/or practice to require a 30-minute meal break deduction from Named Plaintiff's and similarly situated direct care employees' compensable hours worked for meal breaks that were not taken at all or that were interrupted by work duties, Defendants had actual or constructive knowledge that they were not compensating Named Plaintiff and similarly situated direct care employees for all hours worked.

67.     Defendants' failure to compensate Named Plaintiff and similarly situated direct care employees for hours worked more than forty (40) hours per week at "one and one-half times" the employee's "regular rate[s]" of pay – as a result of Defendants' unlawful time deduction for meal periods when work was completed - constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding Ohio Acts, O.R.C. §§ 4111.03(A), 4113.15.

68.     Defendants knew that Named Plaintiff and other members of the FLSA Collective and Ohio Class were entitled to overtime compensation under federal and Ohio or acted in reckless disregard for whether they were so entitled.

69.     Defendants intentionally, knowingly, and willfully circumvented the requirements of the FLSA and the Ohio Acts.

70.     The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. §§ 4111.03, 4113.15; and resulted in the unlawful deprivation of wages of Defendants to the detriment of Defendants' employees, including Named Plaintiff and other members of the FLSA Collective and Ohio Class.

**A.     FLSA Collective Action for Unpaid Overtime Wages**

71.     Named Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct as described herein.

72.     The collective that Named Plaintiff seeks to represent as members of the FLSA Collective and to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff herself is a member, is composed of and defined as follows:

> **All current and former hourly direct care employees of Defendants in Ohio during the period of three (3) years**

> **preceding the commencement of this action to the present who had an unpaid meal break in any workweek that they were paid for at least forty (40) hours of work ("FLSA Collective").**

73. This action is maintainable as an "opt-in" collective action pursuant to the FLSA as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Named Plaintiff, numerous current and former hourly direct care employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as her own, in bringing this action.

74. Examples of other members of the putative FLSA Collective are those who performed direct care for patients, such as Registered Nurses ("RN"), Licensed Practical Nurse ("LPN"), Certified Nursing Assistants ("CNA"), and State Tested Nursing Assistants ("STNA") at its facilities.

75. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

76. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' business and payroll records that they were required to maintain pursuant to the FLSA. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. §216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

**B.    Federal Rule of Civil Procedure 23 Class Action for Unpaid Overtime Wages**

77. Named Plaintiff brings this action under Federal Rule of Civil Procedure 23 as a class action on behalf of herself and all other members of the Ohio Class, defined as:

**All current and former hourly direct care employees of Defendants in Ohio during the period of two (2) years preceding the commencement of this action to the present who had an unpaid meal break in any workweek that they were paid for at least forty (40) hours of work ("Ohio Class").**

78.     The claims brought on behalf of the Ohio Class are brought on behalf of all similarly situated persons who do not opt-out of the Ohio Class during the relevant time period above.

79.     The Ohio Class, as defined above, is so numerous that joinder of all members is impracticable. Named Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of several hundred or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendants have maintained, and were required to maintain, pursuant to the FLSA and the Ohio Acts. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; and Art II., Section 34a of the Ohio Constitution.

80.     Named Plaintiff is a member of the Ohio Class and her claims for unpaid wages are typical of the claims of other members of the Ohio Class.

81.     Named Plaintiff will fairly and adequately represent the Ohio Class and the interests of all members of the Ohio Class.

82.     Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Ohio Class that she has undertaken to represent.

83.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Class. Named Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

84. Questions of law and fact are common to the Ohio Class and predominate over any questions affecting only individual members. The questions of law and fact common to the Ohio Class arising from Defendants' conduct include, without limitation:

(a) whether Defendants violated the Ohio Acts by failing to pay the Ohio Class for all overtime wages earned because of the violation(s) described herein;

(b) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Ohio Class on account of Defendants' violations of the Ohio Acts;

(c) whether the unpaid and/or withheld compensation remained unpaid in violation of the Ohio Acts; and

(d) what amount of prejudgment interest, liquidated damages, and/or other monetary relief afforded by the Ohio Acts is due to Named Plaintiff and other members of the Ohio Class on the overtime or other entitled compensation which was withheld or not paid to them.

85. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their hourly, non-exempt employees comprising of the Ohio Class.

86. Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Ohio Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Class as a whole.

87. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Class predominate over questions affecting individual members of the Ohio Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

88.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court.

89.     Named Plaintiff and counsel are not aware of any interfering pending Ohio litigation on behalf of the Ohio Class as defined herein. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV.     CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 - FLSA COLLECTIVE ACTION
### FOR UNPAID OVERTIME COMPENSATION)

90.     Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

91.     This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and other members of the FLSA Collective against Defendants, individuals who may join this case pursuant to 29 U.S.C. § 216(b).

92.     The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

93.     Named Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

94.     Defendants did not pay overtime compensation to Named Plaintiff and other members of the FLSA Collective at overtime wages for all of their overtime hours worked due to Defendants' policy/practice of not compensating direct care for a meal break even though they often did not receive a bona fide meal break.

95.     Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Named Plaintiff and other similarly situated employees also violates the FLSA. *See* 29 C.F.R § 516.2(a)(7).

96.     As a result of Defendants' practices and/or policies, Named Plaintiff and other members of the FLSA Collective have not received overtime wages due to them pursuant to the FLSA.

97.     Defendants knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and other members of the FLSA Collective overtime compensation. Defendants' deliberate failure to pay overtime compensation to Named Plaintiff and other members of the FLSA Collective was neither reasonable, nor was the decision not to pay overtime compensation made in good faith. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

98.     The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and other members of the FLSA Collective is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendants and/or were not kept by Defendants.

99.     As a result of Defendants' violations of the FLSA, Named Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Named Plaintiff and other members of the FLSA

Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT II
### (O.R.C. § 4111.03 – RULE 23 CLASS ACTION
### FOR UNPAID OVERTIME COMPENSATION)

100. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

101. This claim is brought under the Ohio Wage Act, which incorporates the FLSA without limitation.

102. Named Plaintiff and other members of the Ohio Class have been employed by Defendants, and Defendants are each an employer covered by the overtime requirements under the Ohio Acts.

103. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

104. While employed by Defendants, Named Plaintiff and other members of the Ohio Class worked in excess of the maximum weekly hours permitted under Section 4111.03, but were not fully paid overtime wages as outlined above.

105.    As a result of Defendants' company-wide corporate policies and/or practices as described herein, Defendants failed to pay Named Plaintiff and other members of the Ohio Class all overtime wages earned.

106.    Named Plaintiff and other members of the Ohio Class were not exempt from the wage protections of the Ohio Wage Act.

107.    Defendants' repeated, knowing failure to pay overtime wages to Named Plaintiff and other members of the Ohio Class were violations of the Ohio Wage Act, and, as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and other members of the Ohio Class are entitled.

108.    For Defendants' violations of the Ohio Wage Act, Named Plaintiff and other members of the Ohio Class have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, interest, attorneys' fees, and all other remedies available on behalf of herself and all other members of the Ohio Class.

**COUNT III**
**(O.R.C. § 4113.15 – RULE 23 CLASS ACTION**
**FOR OPPA VIOLATION)**

109.    Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

110.    The OPPA encompasses two claims. First, a violation of any other wage statute (including the FLSA or the Ohio Wage Act) triggers a failure to timely pay wages under the OPPA.

111.    Second, the OPPA allows an employee to sue to recover liquidated damages if the wages due are not in dispute.

112.    Named Plaintiff and other members of the Ohio Class have been employed by Defendants.

113.    At all times relevant, Defendants were an entity covered by the OPPA, and Named Plaintiff and other members of the Ohio Class have been employed by Defendants within the meaning of the OPPA.

114.    The OPPA requires Defendants to pay Named Plaintiff and other members of the Ohio Class all wages, including unpaid overtime compensation, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof *and* on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

115.    At all times relevant, Named Plaintiff and other members of the Ohio Class were not paid all wages, including overtime wages at one-and-one-half times their regular rates of pay within thirty (30) days of performing the work as outlined above. *See* O.R.C. § 4113.15(B).

116.    As a result, Named Plaintiff's and other members of the Ohio Class's unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

117.    Defendants' violations of the OPPA, O.R.C. § 4113.15, injured Named Plaintiff and other members of the FLSA Collective in that they did not receive wages due to them in a timely fashion as required by Ohio Law.

118.    In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

119.    As a result of Defendants' violation of the OPPA, Plaintiff and other members of the FLSA Collective and Ohio Class are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

## V.    PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendants and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. Certifying the proposed Ohio Class under the Ohio Acts;

D. Finding that Defendants have failed to keep accurate records and that Named Plaintiff and other members of the FLSA Collective and Ohio Class are entitled to prove their hours worked with reasonable estimates;

E. Finding that Defendants' wage and hour policies and/or practices as alleged herein violate the FLSA;

F. Entering judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiff and other members of the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

G. Entering judgment against Defendants for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and other members of the FLSA Collective during the applicable statutory period under the FLSA and continuing through trial;

H. Awarding to Named Plaintiff and other members of the FLSA Collective and Ohio Class unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts, including but not limited to the OPPA, including but not limited to in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per Ohio Class member, whichever is greater;

I. Awarding Named Plaintiff and other members of the FLSA Collective and Ohio Class prejudgment interest, post-judgment interest, and an award of damages representing Defendants' employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

J. Awarding to Named Plaintiff a service award for her efforts in remedying various pay policies/practices as outlined above;

K. Awarding to Named Plaintiff and other members of the FLSA Collective and Ohio Class costs and disbursements and reasonable allowances for fees of counsel and experts and reimbursement of expenses;

L. Directing Defendants to pay reasonable attorneys' fees and all costs connected with this action;

  M. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

  N. Declaring judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

  O. Awarding such other and further relief as to this Court may deem necessary, just, or proper.

Respectfully submitted,

| | |
|---|---|
| */s/ Daniel I. Bryant* | */s/ Matthew J.P. Coffman* |
| Daniel I. Bryant (0090859) | Matthew J.P. Coffman (0085586) |
| **BRYANT LEGAL, LLC** | Kelsie N. Hendren (100041) |
| 1550 Old Henderson Road, Suite 126 | Tristan T. Akers (0102298) |
| Columbus, Ohio 43220 | **COFFMAN LEGAL, LLC** |
| Phone: (614) 704-0546 | 1550 Old Henderson Road |
| Facsimile: (614) 573-9826 | Suite 126 |
| Email: dbryant@bryantlegalllc.com | Columbus, Ohio 43220 |
| | Phone: 614-949-1181 |
| | Fax: 614-386-9964 |
| | Email: mcoffman@mcoffmanlegal.com |
| |    khendren@mcoffmanlegal.com |
| |    takers@mcoffmanlegal.com |

*Attorneys for Named Plaintiff and Other Members*
*of the FLSA Collective and Ohio Class*

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all issues so triable.

           */s/ Daniel I. Bryant*
           Daniel I. Bryant