# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| AMBERLA SUMMERS, *on behalf of herself and all others similarly situated*,  )<br>)<br>) | CASE NO. 2:23-cv-759 |
| ) | Magistrate Judge Chelsey M. Vascura |
| *Plaintiff*,  )<br>) | |
| v.  )<br>) | **ORDER APPROVING SETTLEMENT AND DISMISSAL** |
| NORTHPOINT SENIOR SERVICES, LLC, *et al.*,  )<br>)<br>) | |
| *Defendants*.  ) | |

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (ECF No. 25.) The Joint Motion asks the Court to approve as fair and reasonable the proposed Settlement reached by the Parties and memorialized in the Settlement Agreement and Release (the "Settlement" or "Settlement Agreement").

Having reviewed the Joint Motion and its exhibits, and the Declaration of Daniel I. Bryant as well as the pleadings and papers on file in this Action, and for good cause established therein, the Court **GRANTS** the Joint Motion (ECF No. 25) and orders as follows:

1. The Action asserts unpaid overtime claims under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, et seq., and the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code ("O.R.C.") §§ 4111 et seq. ("OMFWSA").

2. The Action also asserts claims for untimely payment of wages, including overtime compensation, under the Ohio Prompt Pay Act ("OPPA").

3. The OPPA encompasses two types of claims. *Smith v. Loc. Cantina, LLC*, No. 2:20-CV-03064, 2022 WL 1183325, at *2 (S.D. Ohio Apr. 19, 2022). First, courts in this Circuit have held that a violation of any other wage statute (like the FLSA) can trigger a failure to timely pay wages under the Prompt Pay Act. *Id*. (citing *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382,

385, n.1 (6th Cir. 2016)). *See also Estate of McConnell v. EUBA Corp.*, 2021 WL 1966062, at *2 (S.D. Ohio May 24, 2021). In other words, the Prompt Pay Act requires employers to timely pay wages owed for any reason, whether statutory or otherwise. *Id.* Second, the Ohio Prompt Pay Act allows an employee to recover liquidated damages, but only if the wages due are not in dispute. *Id.*; O.R.C. 4113.15(B).

4. Defendant Northpoint Senior Services, LLC denies liability or wrongdoing of any kind.

5. A bona fide dispute as to liability and potential damages exists.

6. In an effort to reach a compromise and to avoid the expense and burden of protracted litigation, the parties reached a settlement of the claims asserted in the pending action and any and all claims Plaintiff may have had against Defendant. The terms are embodied in the Settlement.

7. The Settlement Agreement provides for a Total Settlement Amount of $5,000, which, per the declaration of Plaintiff's Counsel Daniel I. Bryant, includes: (1) $2,250.00 for all alleged unpaid overtime compensation to Plaintiff, which represents 100% of her maximum unpaid overtime during the fifteen (15) weeks when she worked overtime during her employment, 100% of liquidated damages, and an additional $200 for additional liquidated damages recoverable under the Ohio Prompt Pay Act; and (2) Plaintiff's counsel's attorneys' fees in the form of a reduced and negotiated lodestar in the amount of $1,456.75 even though Plaintiff's Counsel has spent over $6,000 in time associated with prosecuting this matter; and (3) $1,293.25 in costs, which are comprised of the filing fee, mailing, and the invoice for retaining a MA-level economist to construct and verify a damages model. (Bryant Decl. ¶ 18, ECF No. 25-1.) Mr. Bryant has reviewed Plaintiff's time and pay records and believes that the proposed Settlement is fair and reasonable (*Id.*)

8. "As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement).

9. Courts look to several factors when undertaking this inquiry, including (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Ousley*, 2023 WL 3470522, at *3; *Headspeth v. TPUSA, Inc.*, No. 2:19-CV-2062, 2022 WL 4094448, at *1 (S.D. Ohio Sept. 7, 2022) (Morrison, J.) (citing *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011)). *See* 29 U.S.C. § 216(b), (c). This is so even in a case that involves individual as opposed to collective claims. *Camp v. Marquee Constr., Inc.*, No. 2:18-CV-831, 2020 WL 59517, at *1 (S.D. Ohio Jan. 6, 2020) ("FLSA cases require court approval, even where only one litigant's rights are implicated."). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Ganci v. MBF Inspection Servs., Inc.*, No. 2:15-CV-2959, 2019 WL 4233128, at *2 (S.D. Ohio Sept. 6, 2019) (Vascura, M.J.). (quoting *Gentrup*, 2011 WL 2532922, at *8).

10. Here, the undersigned finds no indication of fraud or collusion behind the settlement and that the settlement payment to the Plaintiff (representing 100% of her estimated damages as supported by an expert-generated damages model) is fair, reasonable, and adequate.

11. The Parties agree that requested attorneys' fees and costs are reasonable. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

12. As recently observed by this Court, "[t]he purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Ousley v. CG Consulting, LLC*, No. 2:23-CV-01435, 2023 WL 3470522, at *4 (S.D. Ohio May 16, 2023) (quoting *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994) and *United State, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir. 1984)). "Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees [in a FLSA case] 'encourage[s] the vindication of congressionally identified policies and rights.'" *Id.* (quoting *Fegley*, 19 F.3d at 1134–35 and *United Slate,* 732 F.2d at 503).

13. There is no proportionality limit on recoverable attorneys' fees compared to the claims of the plaintiff or the class members. *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616-17 (6th Cir. 2021). Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *Ousley*, 2023 WL 3470522, at *5. *See Fegley*, 19 F.3d at 1130 (6th Cir. 1994) (awarding attorneys' fees that were more than five times the amount awarded to the plaintiff).

14. Upon review of the above factors, the Court finds that the Settlement is fair and reasonable in all respects, and the Court orders payments as set forth in the Settlement Agreement.

15. The Court approves the agreed upon amounts payable to Plaintiff's Counsel as set forth in the Declaration in support, finds that attorney Bryant's requested hourly rate of $400 is reasonable in light of Plaintiff's Counsel's extensive experience representing employees in wage and hour matters as previously observed by this Court in decisions cited by attorney Bryant's Declaration, and orders that such payments be made in the manner set forth in the Settlement Agreement. *See Ousley*, 2023 WL 3470522, at *6.

16. The Court dismisses the claims of Plaintiff with prejudice. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal and Approving Settlement immediately.

17. The Court retains jurisdiction over the Action to enforce the terms of the Settlement.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE